United States District Court
Southern District of Texas
**ENTERED**
September 28, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH CHARLES FEVERBORN, a/k/a JOSEPH CHARLES FUERBORN, (SPN # 03270250), | § § § § | |
| *Plaintiff*, | § § | |
| vs. | § | CIVIL ACTION NO. H-26-7762 |
| NORWOOD N. RICHARDSON, | § § § | |
| *Defendant*. | | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Joseph Charles Feverborn, a/k/a Joseph Charles Fuerborn (SPN # 03270250), is currently detained in the Harris County Jail. Proceeding *pro se* and *in forma pauperis*, he filed a civil-rights complaint under 42 U.S.C. § 1983 alleging that his court-appointed counsel, Norwood N. Richardson, is providing ineffective assistance of counsel in connection with ongoing state-court criminal proceedings. (Dkt. 1).

Feverborn's action is governed by the Prison Litigation Reform Act (PLRA), which requires the Court to screen complaints filed by prisoners proceeding *in forma pauperis* as soon as feasible after docketing and dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief can be granted, or that seek money damages from a defendant who is immune from such relief.

28 U.S.C. § 1915(e). Having conducted the required screening of Feverborn's complaint, the Court dismisses this action for the reasons explained below.

## I. BACKGROUND

Publicly available records show that Feverborn is currently in the Harris County Jail awaiting trial on multiple state criminal charges. *See* Search Our Records, www.hcdistrictclerk.com (last visited Sept. 25, 2026). It does not appear that a trial date has yet been set in any of the pending actions. *Id.*

On September 3, 2026, Feverborn filed a civil-rights complaint, naming his court-appointed counsel, Norwood N. Richardson, as the sole defendant. (Dkt. 1, p. 3). Feverborn alleges that Richardson did not advise him of his right to a preliminary hearing and has not visited or called him to prepare a defense for trial. (*Id.* at 4). As relief, Feverborn requests that the charges against him be dismissed. (*Id.*).

## II. LEGAL STANDARDS

### A. Actions Under 42 U.S.C. § 1983

Feverborn brings his action under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must

(1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam). The second element means that generally only *state* actors—not private parties—can be liable for violations of civil rights. *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985).

### B. <u>The Prison Litigation Reform Act</u>

The PLRA, which governs Feverborn's action, requires the Court to examine the legal and factual basis of a prisoner's complaint and dismiss the case if it determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 31–32 (1992)). "A complaint lacks an arguable basis in

law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In conducting its screening review, the Court must construe all allegations "liberally in favor of the plaintiff" and consider whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). But if the complaint does not state a claim for relief, it may be dismissed, even before service on the defendants. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**C. *Pro Se* Pleadings**

Feverborn is proceeding *pro se* in this action. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *See Haines v. Kerner*,

404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, *pro se* litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up). They must also allege sufficient facts to state a plausible claim. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Toole v. Peak*, 361 F. App'x 621, 621 (5th Cir. 2010) (per curiam) (a self-represented litigant "still must argue something that is susceptible to liberal construction").

## III. <u>DISCUSSION</u>

The only defendant in this action is Attorney Richardson, who Feverborn contends is violating his constitutional rights by providing deficient representation. But court-appointed defense counsel may not be sued under § 1983 for actions taken in defending an individual charged with criminal acts.

To be liable under § 1983, the defendant must be acting under color of state law in taking the challenged actions.[1] Neither public defenders nor appointed or retained private defense attorneys act under color of state law when performing a lawyer's traditional functions in representing a criminal defendant because, in that capacity, he or she is acting on behalf of the defendant rather than on behalf of the State. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 318, 324–25 (1981); *Mills v. Crim. Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); *Amir-Sharif v. Dallas Cnty. Public Defender's Office*, 233 F. App'x 364, 365 (5th Cir. 2007) (per curiam) (dismissing claims against a county's public defenders "because they are not state actors for § 1983 purposes").

In his capacity as court-appointed defense counsel for Feverborn, Richardson is not acting "under color of state law" while taking actions to represent him. Feverborn's disagreements with Richardson's representation may give rise to a

[1]Limited exceptions to this general rule exist when the plaintiff can show that the private actor was implementing an official government policy or when the private actor's actions are fairly attributable to the government. *See Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 312 (5th Cir. 2011). A private party who conspires with state actors to deprive another of his constitutional rights may also be considered a state actor. *See Priester v. Lowndes County*, 354 F.3d 414, 421 (5th Cir. 2004). Feverborn's complaint does not allege facts showing that any of these exceptions apply to his case.

state-law malpractice action and might ultimately support a petition for writ of habeas corpus based on ineffective assistance of counsel, but they do not support a claim for a violation of constitutional rights under § 1983. Feverborn's claims against Attorney Richardson must be dismissed under § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief can be granted.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Feverborn's civil-rights action against Attorney Norwood N. Richardson, (Dkt. 1), is **DISMISSED with prejudice**.
2. Any pending motions are **DENIED** as moot.
3. Final judgment will be separately entered.
4. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk shall send a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk shall also send a copy of this dismissal to the Three-Strikes List Manager at the following email: **Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on Sept 28, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE